IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| TAMEKA GILYARD, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>MYRON BATTS, Warden, )<br>    Respondent. ) | CIVIL ACTION NO. 1:09-01514 |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 16, 2009, Petitioner, an inmate at FPC Alderson and acting *pro se,* filed a letter addressed to the Court in which the Clerk of the Court construed as an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) Petitioner requests that the Court consider placing her on home confinement so she can provide care for her children and disabled mother. (Id., p. 1 - 2.) In support of her request, Petitioner states as follows (Id.):

> My name is Tameka Gilyard. I am currently serving a thirty month sentence for conspiracy to import 500 grams or less of powder cocaine into the U.S. I am writing to you to ask for a reconsideration in my sentence. I have taken responsibility for my actions as well as the responsibility of accepting my punishment and making it positive in my life. I am currently incarcerated at Federal Prison Camp Alderson, located in West Virginia. During the six months I have been here, I am making major adjustments and improvements within myself and in prison. I am utilizing and embracing what the facility has to offer so that I may leave as a better person. Since I have been here, I have received eight certificates for various skills, programs and activities along with maintaining clear conduct. I am asking that I be considered for home confinement. While on pre-trial, I served eight months on home confinement with no positive urinalysis tests, followed all rules, regulations, and stipulations. I met all court dates and did not violate my pre-trial status. Also, I completed my drug treatment classes at New Beginnings Recovery Center in

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Columbia, S.C. I have since continued my drug treatment here with the 500 hour Residential Drug Abuse Program.

My mother is a kidney dialysis patient (3x a week), and is the care giver with physical custody of my children. Both of the children are school age, and one child is eleven and the other is five years old. My absence has forced my family into a hardship because of my poor judgment and bad decision. I understand that I was wrong and had to be punished for my crime. I am only asking for a review of my case to see if you may consider modifying my sentence and imposing an alternative program of my debt to society and no longer a financial burden to the government. This will allow me to resume the responsibility of caring for my children and disabled mother.

Due to the new law being imposed on the drug laws, good time and the Crack to Cocaine Disparity, I would humbly appreciate any assistance regarding this matter.

## ANALYSIS

Petitioner requests compassionate release due to hardship that has been placed on her family.[2] "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). However, Title 18, U.S.C. § 3582(c)(1)(A) allows the sentencing court, upon motion of the BOP, to reduce an inmate's term of imprisonment if either (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the inmate is at least 70 years of age, has served at least 30 years in prison for a sentence under § 3559(c), and the BOP has determined the inmate does not pose a danger to anyone or the community; and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The undersigned finds that Petitioner fails to

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected release date is February 13, 2011.

2

meet the requirements for compassionate release under Section 3582(c)(1)(A). Although Petitioner contends that her release is necessary so she can care for her children and disabled mother, the undersigned finds that she has not presented any evidence that the BOP has tendered to the Court a motion for her early release. Absent a motion from the BOP, the Court lacks authority to grant compassionate release. Accordingly, the undersigned finds that Petitioner is not entitled to early release under Section 3582(c)(1)(A), and therefore, her Petition must be denied.[3] See Overstreet v. Francis, 2007 WL 3026900 *2 (N.D.W.Va. Jun. 26, 2007)(holding that "petitioner is not entitled to any habeas relief regarding his quest for a compassionate release" because the BOP has not made such a request).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these

---

[3] The undersigned further notes that the sentencing court is the proper forum for Petitioner to seek a reduction or modification of her imposed sentence.

Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 23, 2010.

R. Clarke VanDervort
United States Magistrate Judge